**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GEODYNAMICS, INCORPORATED, | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 2:16-CV-697 |
| DYNAENERGETICS US, INC., | § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § | |

| | |
|---|---|
| DYNAENERGETICS US, INC., | § |
| *Counterclaim Plaintiff,* | § |
| v. | § |
| GEODYNAMICS, INCORPORATED, | § |
| *Counterclaim Defendant.* | § |

**ANSWER AND COUNTERCLAIM OF DYNAENERGETICS US, INC. TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant and Counterclaim Plaintiff DynaEnergetics US, Inc. ("DynaEnergetics") by and through counsel, hereby responds to the numbered paragraphs of Plaintiff GEODynamics, Inc.'s ("Plaintiff") Complaint For Patent Infringement ("Complaint") as follows:

## Nature of the Action

1. DynaEnergetics admits that it has sold in the United States its DPEX® shaped charges, which have been manufactured in Blum, Texas and/or in Germany. DynaEnergetics admits that the USPTO issued U.S. Patent No. 9,080,431 to GEODynamics but denies that the patent was properly issued and denies that it covers any groundbreaking inventions, and notes that this patent has not been asserted in this action. DynaEnergetics admits that the title of the U.S. Patent No. 8,544,563 ("the '563 patent") is "Oil Well Perforators" but denies infringement of any valid claim of the '563 patent. DynaEnergetics denies that its DPEX shaped charges were developed "[w]ithout making the same investment in research and development." DynaEnergetics denies that it "knew of the '563 patent and its infringing activities for at least several years." DynaEnergetics lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 1, and therefore denies the same.

## Parties

2. DynaEnergetics lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore denies the same.

3. DynaEnergetics admits the allegations in Paragraph 3.

## Jurisdiction and Venue

4. DynaEnergetics admits that Plaintiff alleges a violation of the federal patent laws, Title 35 of the United States Code but denies that the action has merit. DynaEnergetics does not contest subject matter jurisdiction.

5. DynaEnergetics admits that it has distribution facilities in Texas, and that the Court has personal jurisdiction over DynaEnergetics. DynaEnergetics does not contest venue in this District. DynaEnergetics denies the remaining allegations of Paragraph 5.

**Count 1: Infringement of ’563 Patent**

6. DynaEnergetics admits that a copy of the ’563 patent is attached as Exhibit A to Plaintiff’s Complaint. DynaEnergetics admits that on its face the ’563 patent is entitled “Oil Well Perforators” and indicates an issuance date of October 1, 2013. DynaEnergetics admits that on its face the ’563 patent lists QinetiQ Ltd. as its assignee. DynaEnergetics denies that the ’563 patent was duly and legally issued. DynaEnergetics lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6, and therefore denies the same.

7. DynaEnergetics denies the allegations of Paragraph 7.

8. DynaEnergetics admits that Claim 1 of the ’563 patent is accurately recited. The remaining allegations in Paragraph 8 consist of legal conclusions, and, therefore, no response is required. To the extent that a response is required, DynaEnergetics denies that it infringes, induces infringement, or contributes to infringement of any claim of the ‘563 patent, and denies the remaining allegations in Paragraph 8.

9. The allegations in Paragraph 9 consist of legal conclusions, and, therefore, no response is required. To the extent that a response is required, DynaEnergetics denies that it infringes any claim of the ‘563 patent and denies the remaining allegations in Paragraph 9.

10. The allegations in Paragraph 10 consist of legal conclusions, and, therefore, no response is required. To the extent that a response is required, DynaEnergetics denies that it has infringed or willfully infringed any claim of the ‘563 patent and denies the remaining allegations in Paragraph 10.

**Prayer**

DynaEnergetics denies that Plaintiff is entitled to any relief whatsoever, let alone the relief requested by Plaintiff in the Complaint, and therefore denies all allegations and relief requested in Plaintiff's Prayer for Relief.

## GENERAL DENIAL

DynaEnergetics further denies each and every allegation in Plaintiff's Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer.

## DEFENSES

DynaEnergetics hereby asserts the following defenses to the Complaint:

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state a claim on which relief can be granted.

### SECOND DEFENSE
### (Lack of Standing)

Plaintiff lacks standing or capacity, or both, to bring some or all of the claims alleged.

### THIRD DEFENSE
### (Non-Infringement)

DynaEnergetics is not infringing and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any other way, any valid or enforceable claim of the '563 patent.

### FOURTH DEFENSE
### (Invalidity)

The claims of the '563 patent are invalid for failure to comply with one or more of the requirements of U.S. Patent Law, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**FIFTH DEFENSE**
**(Limitation of Claim Scope)**

The prior art known before the alleged invention covered by the ’563 patent limits and restricts the scope of the patent claims such that DynaEnergetics does not infringe any valid or enforceable claim of the ’563 patent.

**SIXTH DEFENSE**
**(Prosecution History Estoppel)**

Plaintiff’s claims for relief for patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel. Plaintiff is estopped from asserting or obtaining any construction of the claims of the ’563 patent that would result in any of the claims covering any product of DynaEnergetics.

**SEVENTH DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff’s claims for relief for patent infringement are barred, in whole or in part, because Plaintiff has failed to mitigate its potential damages.

**EIGHTH DEFENSE**
**(No Entitlement to Injunctive Relief)**

Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**NINTH DEFENSE**
**(Failure to Mark)**

To the extent that Plaintiff failed to comply with any applicable provisions of 35 U.S.C. § 287, Plaintiff’s claims arising from the alleged infringement of the ’563 patent are limited under § 287.

**TENTH DEFENSE**
**(Patent Misuse)**

As set forth in detail in DynaEnergetics' Counterclaim, which is incorporated herein by reference, the claims of the '563 patent are unenforceable due to patent misuse. Plaintiff has engaged in patent misuse by impermissibly broadening the scope of the '563 patent with anticompetitive effect by, *inter alia*, making objectively baseless claims of infringement against competitors' products, including those of DynaEnergetics, that do not infringe any claim of the '563 patent; and attempting to enforce the '563 patent against competitors, including DynaEnergetics, when Plaintiff is aware that the '563 patent is invalid; all in an attempt to directly interfere with the business relationships of competitors, including DynaEnergetics. Further, upon information and belief, Plaintiff made allegations of infringement before the '563 patent issued, and also made allegations of infringement in geographical locations where neither Plaintiff nor the original assignee, QinetiQ, held any applicable patent rights.

**ELEVENTH DEFENSE**
**(Unclean Hands)**

Plaintiff's claims for relief are barred by the doctrine of unclean hands.

**RESERVATION OF ADDITIONAL DEFENSES**

DynaEnergetics reserves the right to assert, and hereby gives notice that it intends to rely on, any other defenses that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its Answer and Counterclaim of DynaEnergetics US, Inc. to assert any such defense.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff DynaEnergetics US, Inc. ("DynaEnergetics"), hereby submits its Counterclaim against Plaintiff and Counterclaim Defendant GEODynamics, Inc. ("Counterclaim Defendant"), as follows:

1. DynaEnergetics is an innovator and market-leader in the field of detonators, detonating cords, and explosives. In the 150 years since its founder, Alfred Nobel, invented dynamite, DynaEnergetics has provided effective and creative solutions to the oilfield industry by creating the most advanced and comprehensive perforating and well completion systems worldwide. DynaEnergetics has invested substantial time, resources, and manpower to developing its own proprietary systems to ensure the quality and reliability of those systems for its customers in the industry.

## THE PARTIES

2. DynaEnergetics is a corporation organized and existing under the laws of the State of Colorado, having a principal place of business in Lakeway, Texas.

3. In its Complaint, Counterclaim Defendant purports to be a corporation organized and existing under the laws of the State of Delaware, with a principal office located in Millsap, Texas.

## JURISDICTION AND VENUE

4. DynaEnergetics counterclaims against Counterclaim Defendant pursuant to the patent laws of the United States, Title 35 of the United States Code, the trademark laws of the United States, Title 15 of the United States Code, and the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 13.

5. The Court has jurisdiction over DynaEnergetics' counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. This Court has personal jurisdiction over Counterclaim Defendant by virtue of, *inter alia*, its filing of the Complaint against DynaEnergetics in this district. Counterclaim Defendant has consented to venue in this district by filing this action. Accordingly, venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

7. Counterclaim Defendant has sued DynaEnergetics for infringement of U.S. Patent No. 8,544,563 ("the '563 patent").

8. An actual and justiciable controversy exists between DynaEnergetics and Counterclaim Defendant, by virtue of the averments in Counterclaim Defendant's Complaint and DynaEnergetics' Answer, as to whether the claims of the '563 patent are invalid, unenforceable, and/or not infringed by DynaEnergetics.

**FIRST COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the '563 Patent**

9. DynaEnergetics repeats and incorporates by reference each of the averments of paragraphs 1 through 8 of these Counterclaims.

10. Counterclaim Defendant claims to be the exclusive owner of all rights, title and interest in the '563 patent.

11. Counterclaim Defendant in this action avers that DynaEnergetics infringes, directly and indirectly, one or more claims of the '563 patent.

12. DynaEnergetics is not infringing, has not infringed, and is not liable for any infringement, directly or indirectly, of any valid claim of the '563 patent, and Counterclaim Defendant is entitled to no relief for any such claim of infringement against DynaEnergetics.

13. Absent a declaration of non-infringement of the ’563 patent, Counterclaim Defendant will continue to assert the ’563 patent against DynaEnergetics and will in this way cause damage to DynaEnergetics.

14. Accordingly, there is an actual case or controversy over DynaEnergetics’ non-infringement of the ’563 patent and DynaEnergetics seeks a judgment holding that it has not infringed, does not infringe and is not liable for any infringement of the ’563 patent.

## SECOND COUNTERCLAIM
## Declaratory Judgment of Invalidity of the ’563 Patent

15. DynaEnergetics repeats and incorporates by reference each of the allegations of paragraphs 1 through 14 of these Counterclaims.

16. Counterclaim Defendant claims to be the exclusive owner of all rights, title and interest in the ’563 patent.

17. The Complaint alleges that DynaEnergetics infringes the ’563 patent.

18. The claims of the ’563 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto. Specifically, the claims of the ’563 patent are invalid at least for claiming unpatentable subject matter under 35 U.S.C. § 101, for being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or failure to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112.

19. Absent a declaration of invalidity of the ’563 patent, Counterclaim Defendant will continue to assert the ’563 patent against DynaEnergetics and will in this way cause damage to DynaEnergetics.

20. Accordingly, there is an actual case or controversy concerning the validity of the ’563 patent and DynaEnergetics seeks a judgment holding that all asserted claims of the ’563 patent are invalid.

**THIRD COUNTERCLAIM**
**Declaratory Judgment of Unenforceability of the ’563 Patent – Patent Misuse**

21. DynaEnergetics repeats and incorporates by reference each of the allegations of paragraphs 1 through 20 of these Counterclaims.

22. There is an actual and justiciable controversy between DynaEnergetics and Counterclaim Defendant regarding whether the ’563 patent is unenforceable due to patent misuse.

23. Counterclaim Defendant has engaged in patent misuse by filing and maintaining this action, in bad faith, when it knew or should have known that the ’563 patent is invalid and/or that DynaEnergetics has not infringed any valid claim of the ’563 patent.

24. Counterclaim Defendant could not reasonably expect to succeed on the merits of its case based on a claim that DynaEnergetics infringes the ’563 patent.

25. Upon information and belief, Counterclaim Defendant brought this action for improper motives, including for the purposes of interfering with DynaEnergetics’ customer relationships.

26. Upon information and belief, Counterclaim Defendant made allegations of infringement of the ’563 patent before the patent issued, and further made allegations of infringement in geographical locations where it knew neither Counterclaim Defendant nor the original assignee, QinetiQ, had any applicable patent rights.

27. Through these improper acts, among other conduct, Counterclaim Defendant has impermissibly attempted to broaden the scope of the ’563 patent and committed patent misuse.

28. Accordingly, DynaEnergetics is entitled to a judgment declaring that the claims of the ’563 patent are unenforceable due to patent misuse.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DynaEnergetics demands a trial by jury of all issues from this Answer and Counterclaim that are triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, DynaEnergetics prays as follows:

A. That Plaintiff takes nothing by way of its Complaint;

B. That Plaintiff’s request for injunctive relief and any and all damages, including treble damages, be denied;

C. That the Complaint be dismissed with prejudice and judgment be entered in favor of DynaEnergetics as to all claims;

D. That the Court enter a judgment declaring that DynaEnergetics has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the ’563 patent;

E. That the Court enter a judgment declaring that the ’563 patent is invalid;

F. That the Court enter a judgment declaring that the ’563 patent is unenforceable due to patent misuse;

G. That the Court find that this case is exceptional and that DynaEnergetics is entitled to an award of attorneys’ fees under 28 U.S.C. § 285;

H. That the Court award DynaEnergetics the costs of this suit; and

I. For any other relief that the court deems just and proper.

Dated: August 30, 2016

Respectfully submitted,

By: /s/ Eric H. Findlay

Eric H. Findlay
Texas Bar No. 00789886
Walter W. Lackey, Jr.
Texas Bar No. 24050901
Findlay Craft P.C.
102 N. College Avenue, Suite 900
Tyler, TX 83402
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: wlackey@findlaycraft.com

Barry J. Herman (*pro hac vice*)
Womble Carlyle Sandridge & Rice, LLP
250 West Pratt Street, Suite 1300
Baltimore, MD 21201
Telephone: (410) 545-5830
Email: bherman@wcsr.com

Preston H. Heard (*pro hac vice*)
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: pheard@wcsr.com

Lisa J. Moyles (*pro hac vice*)
Moyles & Tremblay Law, LLC
970 Beaver Dam Road
Stratford, CT 06614
Telephone: (203) 258-6675
Email: lmoyles@mtlaw.us

*Counsel for Defendant and Counterclaim Plaintiff DynaEnergetics US, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of August, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay